THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIU CARRETO FERNANDEZ, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 09-877 (JBS/KMW) |
| J. GRONDOLSKY, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

    This matter is before the Court on Defendant J. Grondolsky's motion to dismiss Plaintiff Eliu Carreto Fernandez's request for injunctive relief barring his release into the compound area of FCI Fort Dix and preventing the issuance of disciplinary reports due to his refusal to be released into the compound area [Docket Item 10] and the Court's sua sponte review of whether an actual case or controversy remains.  Defendant argues that Plaintiff failed to exhaust his administrative remedies and further has failed to state a claim pursuant to Rule 12(b)(6) for which relief may be granted.  Plaintiff did not oppose this motion.[1]  Plaintiff has since been released from FCI Fort Dix.  THIS COURT FINDS AS FOLLOWS:

---

[1] Though on July 19, 2009, Plaintiff mailed a letter to the Court repeating his requests for injunctive relief, he does not respond to any arguments or issues raised by Defendant [Docket Item 11].  It does not appear to be an opposition to Defendant's motion.

    1.  On February 27, 2009, Plaintiff filed his complaint seeking only injunctive relief, and asking the Court to enjoin Defendant from transferring him to the compound area of FCI Fort Dix because he feared gang members in the compound and enjoining Defendant from issuing incident reports when he refused to leave the Special Housing Unit ("SHU").

    2.  On July 10, 2009, Defendant moved to dismiss for lack of subject matter jurisdiction, due to Plaintiff's failure to administratively exhaust his claims, and for failure to state a claim pursuant to Rule 12(b)(6).

    3.  Plaintiff did not oppose this motion.

    4.  On January 7, 2010, the Court issued a Letter Order, noting that failure to administratively exhaust a claim is not a jurisdictional bar, but that the Court intended to convert Defendant's motion to one for summary judgment and so the Court gave Plaintiff an additional opportunity to offer evidence or argument about his attempts to exhaustive his administrative remedies [Docket Item 14].

    5.  On January 26, 2010, the Court's January 7, 2010 Letter Order was returned to the Court as undeliverable and noting that Plaintiff is no longer at FCI Fort Dix [Docket Item 15].

    6.  Defendant, in his motion to dismiss, attached Plaintiff's Public Information Inmate Data stating that

Plaintiff's release date would be November 28, 2009.  (Moran Declaration, Exh. 1.)

    7.   The Bureau of Prisons Inmate Locator indicates that Plaintiff was, in fact, released on November 30, 2009.

    8.   The question of mootness can be considered by the Court <u>sua</u> <u>sponte</u>, because it implicates this Court's jurisdiction over Plaintiff's claims.  <u>Donovan ex rel. Donovan v. Punxsutawney Area School Bd.</u>, 336 F.3d 211, 216 (3d Cir. 2003); <u>see</u> <u>Rogin v. Bensalem Township</u>, 616 F.2d 680, 684 (3d Cir. 1980) ("Inasmuch as mootness would divest us of jurisdiction to consider this appeal, we are obligated to address this issue as a threshold matter.").

    9.   Plaintiff's claims for injunctive relief have been rendered moot by his release from FCI Fairton.  <u>See</u> <u>Cobb v. Yost</u>, No. 09-2020, 2009 U.S. App. LEXIS 19101, at *2-3 (3d Cir. Aug. 21, 2009) ("In general, an inmate's claim for injunctive and declaratory relief becomes moot on his release from prison.") (citing <u>Sutton v. Rasheed</u>, 323 F.3d 236, 248 (3d Cir. 2003)); <u>Worthy v. N.J. State Parole Bd.</u>, 184 F. App'x 262, 265 (3d Cir. 2006) (plaintiff's request for injunctive relief relating to parole eligibility determinations was rendered moot when plaintiff was released from prison and was no longer on parole). The Court has no ability to issue an injunction preventing Defendant from transferring Plaintiff to the compound at FCI Fort Dix, because Plaintiff is no longer in Defendant's custody.  <u>See</u>

General Electric Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1981) ("'Generally, an appeal will be dismissed a moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'"). Consequently, the Court will dismiss Plaintiff's claims as moot.

10. Moreover, Plaintiff has failed to exhaust his administrative remedies regarding his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). This failure also requires dismissal of Plaintiff's claims. See Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits "about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong"); Booth v. Churner, 532 U.S. 731, 739-41 (2001) (holding that the exhaustion of all administrative remedies is mandatory, whether or not the inmate believes that such administrative remedies would be effective and even if the available administrative remedy process cannot grant the desired remedy); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (applying the PLRA exhaustion requirement to request for injunctive relief).

11. Finally, Plaintiff has failed to apprise the Court of his present address as required by Local Civil Rule 10.1, which similarly calls for dismissal.

12. Therefore, the Court will dismiss Plaintiff's claims without prejudice to Plaintiff requesting such injunctive relief, if necessary, should he return to Defendant's custody and exhaust all required administrative remedies.

**February 3, 2010**                                      **s/ Jerome B. Simandle**
Date                                                      JEROME B. SIMANDLE
                                                          U.S. District Judge